IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff/Respondent, | § | |
| | § | |
| V. | § | CR. No. C-04-554 |
| | § | |
| MATTHEW FREEZE, | § | |
| | § | |
| Defendant/Movant. | § | |

## ORDER STRIKING NOTICES

Defendant Matthew Freeze was sentenced by this Court on February 4, 2005 to 57 months in the custody of the Bureau of Prisons, to be followed by a three-year supervised release term. (D.E. 23, 29.) The Court also imposed restitution in the amount of $64,030.83, no fine, and a $100 special assessment. (D.E. 40, Sentencing Transcript ("S. Tr.") at 31; D.E. 23, 29). Judgment of conviction and sentence was entered February 24, 2005. (D.E. 29).

Freeze appealed. On November 29, 2005, the Fifth Circuit granted his motion to dismiss his appeal. (D.E. 50). He then filed a timely motion pursuant to 28 U.S.C. § 2255, which this Court denied by Order and final judgment entered July 10, 2006. (D.E. 63, 64.)

Beginning in July 2008, Freeze began sending various letters and documents to the Court, most of which pertain to the restitution he was ordered to pay as part of his sentence in this case. In particular, he sent a document consisting of ten so-called "Certified Promissory Notes" totaling $64,130.83 received by the Clerk on July 2, 2008, which he claims constitutes his payment of the balance due. (D.E. 66.) His subsequent letters have asked for a receipt showing he has paid the full amount due by him, a letter requesting the taxpayer identification number of the Clerk's office, and IRS forms completed by him which reflect payments allegedly made by him to the Clerk of this

1

Court. Most recently, he has sent two "Notices" in which he informs the Court that his financial obligations in this case have been suspended due to his providing the promissory notes. (D.E. 76, 77.)

Freeze claims that he somehow satisfied the criminal restitution order and special assessment monetary fines owed in this case by sending "promissory notes" to the Court. (D.E. 64) Specifically, he claims that a promissory note falls within the definition of "money" as used in 28 U.S.C. §§ 751(e) and 2041 and is considered "cash" under 26 U.S.C. § 6050I(d).[1] Therefore, he claims that merely by sending documents he has called "certified promissory notes" totaling the amounts he owes, he has extinguished his criminal debt.

The Court finds his argument to be wholly without merit. Freeze has not satisfied the financial obligations imposed in this case, and neither the Clerk nor this Court accepts the "promissory notes" sent by him as an extinguishment of his debt. Although the document containing the "notes" have been docketed in the case as a submission by Freeze, they were never accepted as payment. Indeed, the Clerk of this Court does not accept payment of monies except in certain forms. See The Guide to Judiciary Policies and Procedures (available at http://jnet.ao.dcn/Guide/index.html) at Vol. I, Chapter VII, Part C, § 2.1.3 listing "tender types" for "fees"; see also at Vol. I, Chapter VII, Part H, § 1.2.1 (describing criminal debts as including special assessments, restitution and fines.) Promissory notes are not listed among those forms of payment accepted. See id.. Additionally, neither part C nor part H of Chapter VII provides for payment of criminal debts via promissory note. See United States v. Banks, 269 Fed. App. 152, *1 n.1 (3d Cir.

---

[1] Title 26, United States Code Section 6050I, is a provision of the tax code dealing with the reporting, for tax purposes, of cash transactions received in trade or business. Nothing in this provision (or in the portions of Title 28 cited by Freeze) mandate that this Court treat Freeze's "promissory notes" as cash for purposes of extinguishing his debt as set forth in his criminal judgment.

2008) (affirming district court's decision to strike as frivolous similar notices filed by criminal defendant after he provided promissory note to satisfy criminal debts) (unpublished), *affirming* United States v. Banks, , 2007 WL 3165532 (W. D. Pa. Oct. 26, 2007) (unpublished).

In short, Freeze's financial obligations imposed in his criminal judgment remain. His promissory notes have no effect on the debt owed in his criminal case. Accordingly, his recent "Notices" (D.E. 76 and 77) are hereby stricken as frivolous.

It is so ORDERED this 10th day of March, 2009.

_____
Janis Graham Jack
United States District Judge